**Donna TUCKER**

v.

**UNION UNDERWEAR COMPANY, INC., a/k/a Fruit of the Loom, Inc.**

**No. 89–0141.**

United States District Court, W.D. Kentucky, Bowling Green Division.

Nov. 3, 1992.

Larry F. Sword, Somerset, Ky., Robert L. Bertram, Bertram and Wilson, Jamestown, Ky., for plaintiff.

Norman E. Harned, Harned, Anderson & Bachert, Scott A. Bachert, Harned, Anderson & Bachert, Bowling Green, Ky., for defendant.

## MEMORANDUM OPINION

HEYBURN, District Judge.

This matter is before the Court on Plaintiff's Motion for Class Certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Plaintiff, Donna Tucker, brought an action under Title VII of the Civil Rights Act of 1964 against her former employer, Union Underwear Company, claiming Defendant's employment practices unlawfully discriminated on the basis of sex. The Court hereby undertakes its own rigorous analysis under Rule 23 to determine whether Plaintiff is a proper class representative.

The Court's initial task is to determine its proper scope of review when ruling on a motion for class certification. On the one hand, a trial court may not inquire into the merits of a claim. *Eisen v. Car-*

*lisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). On the other hand, a trial court is not artificially limited in its analysis to the pleadings, but must take the substantive allegations of the complaint as true while considering the range of proof necessary to establish those allegations. *See General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). Moreover, a district court retains broad discretion in determining whether class certification is appropriate. *Sterling v. Velsicol Chemical Corp.* 855 F.2d 1188, 1197 (6th Cir.1988). This Court's inquiry, therefore, must begin with the pleadings to determine whether Plaintiff has sufficiently alleged a basis for class certification.

Determining the precise nature of the Title VII claim is critical to the Court's analysis of whether class certification is appropriate. 42 U.S.C. § 2000e–2(a)(2) (1981) proscribes the classification or segregation of employees or applicants for employment on the basis of sex which would deprive any individual of employment opportunities. In the complaint, Plaintiff alleges that Defendant unlawfully classifies various positions on the basis of sex. This unlawful employment practice, according to Plaintiff, deprived her and other women employees the opportunities of employment, including transfer, promotion, and training. Plaintiff also alleges that women applicants, whom Defendant did not employ, were unlawfully discriminated against to the extent that Defendant's hiring decisions were conditioned on the availability of female-classified jobs.

Plaintiff has submitted for certification a class of women and all other minorities: 1) who have applied for employment and were not hired; 2) who have been employed; 3) who will apply for employment; and 4) who will be employed in the future. By analogy to *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), Defendant argues that this "across-the-board" approach warrants denial of class certification.

Defendant's emphasis on the *Falcon* decision is well noted. This court is mindful of the mandate that careful attention to the requirements of Rule 23 is indispensable. *Id.,* at 157, 102 S.Ct. at 2370, citing *East Texas Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977). However, the case at bar· is distinguishable from *Falcon,* which will become evident in the Court's analysis under Rule 23. To ensure that Plaintiff's claims and the class claims are homogeneous, the court may pare down Plaintiff's proposed class in accord with Rule 23 to determine whether Plaintiff is a proper class representative.

 Plaintiff moved for class certification pursuant to Rule 23(b)(2). Accordingly, the Court must apply the four prerequisites to a class action; namely, numerosity, commonality, typicality, and adequacy of representation and determine whether final injunctive relief is appropriate with respect to the putative class as a whole.[1] Plaintiff bears the burden to plead a sufficient basis on which the court may sustain a motion for class certification. *Senter v. General Motors Corp.,* 532 F.2d 511, 522 (6th Cir. 1976).

 An implicit requirement of class certification is the existence of class members. Plaintiff broadly proposes the inclusion of future applicants for employment and fu-

---

1. Rule 23 provides in part:
 (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

 (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
 (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole...."

ture employees. The court cannot through conjecture address the interests of nonascertainable class members. Alleged injury to future claimants hardly presents a justiciable controversy. The court will consider for certification only those applicants for employment who were not hired and those persons who have been employed with the Defendant.

The court will first address the commonality requirement. At the outset, Plaintiff's inclusion of other minorities in the proposed class has no bearing on a claim of gender-classification; ˙ class members by definition must be women. A fundamental issue is whether applicants as well as employees are properly members of the same class. Defendant argues that *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) stands for the proposition that they do not.

In *Falcon*, the Court considered whether the plaintiff, who complained that his employer did not promote him because he is a Mexican–American, was properly permitted to maintain a class action on behalf of Mexican–American applicants for employment whom the defendant did not hire. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 149, 102 S.Ct. 2364, 2366, 72 L.Ed.2d 740 (1982). The plaintiff, Mariano Falcon, proposed a class consisting of all hourly Mexican American employees who have been employed, are employed, or may in the future be employed and all those Mexican–Americans who have applied or would have applied for employment had the Defendant not practiced racial discrimination in its employment practices. *Id.* at 151, 102 S.Ct. at 2367. The Fifth Circuit upheld Falcon's proposed class in accord with its own precedent, which authorized "across-the-board" attack on all unequal employment practices alleged pursuant to a policy of racial discrim-

ination, since racial discrimination is by definition class discrimination. *Id.* at 151–52, 102 S.Ct. at 2367.

The Supreme Court, however, reversed the Fifth Circuit and held that it was error for the lower court "to presume" typicality and commonality, since the especial nature of a discrimination suit is no substitute for rigorous analysis under Rule 23. *Id.* at 158, 102 S.Ct. at 2371. The Court noted that at trial the evidentiary approaches of the individual and class claims were entirely different: Falcon's claim required proof of intentional discrimination, while the class claim, instead, required proof of disparate impact. *Id.* at 159, 102 S.Ct. at 2371. On these facts, the Court held that the class action was improperly maintained. *Id.* at 161, 102 S.Ct. at 2372.

Although the *Falcon* decision provides sound principles of law applicable to the Court's analysis in the case at bar, the holding of the *Falcon* Court is distinguishable. In the case at bar, Plaintiff alleges the same basis of recovery for both applicants and employees: unlawful classification or segregation of employment positions on the basis of sex pursuant to 42 U.S.C. § 2000e–2(a)(2) (1981).[2] To be successful under subsection (a)(2), both applicants and employees must show discriminatory intent. In *Falcon*, however, the Court noted that applicants and employees each advanced two different theories of recovery. *Falcon*, 457 U.S. at 159, 102 S.Ct. at 2371. Applicants complaining of discriminatory hiring practices advanced under a theory of disparate impact, and employees complaining of discriminatory promotion practices advanced under a theory of disparate treatment. *Id.* In *Falcon* there were no allegations of an employment practice, such as the allegations of gender classification in the case at bar, which pervaded the hiring and promotion decisions alike to satisfy the commonality requirement.[3]

2. Page 10 of the Plaintiff's Supplemental Memorandum Regarding Class Certification states that "women are denied entrance to the male classified jobs when women first apply to be hired by Union Underwear and women are equally denied entrance to the male classified jobs after

the women are employed by Union Underwear and wish to transfer to the male classified jobs."

3. The Court stated, "If [defendant] used a biased testing procedure to evaluate both applicants for employment and incumbent employees, a class action on behalf of every applicant or employee

In the case at bar, there is a sufficient nexus between applicants and employees to join them as members of the same class. Defendant's alleged discriminatory intent, according to Plaintiff, manifests itself in a policy of gender classification. Regardless of the personnel practice at issue, e.g., hiring, training, transfer, or promotion, women are similarly situated if it is true that Defendant administers personnel decisions within a framework of gender stereotypes resulting in an express or tacit bar to women from traditionally male-dominated positions. This alleged policy of gender classification affects applicants and employees similarly: male-classified positions are inaccessible to women.

■ A prayer for enjoining this alleged policy of gender classification is the crux of both Plaintiff's claim and the class claim. Proof by each class member, however, need not be strictly identical to properly maintain a class action. Rather, the proper standard for the Court to apply in its sound discretion, as reiterated in the *Falcon* decision, is that the class representative and all class members must 'possess the same interest and suffer the same injury.' *Id.* at 156, 102 S.Ct. at 2369. If it is true that Defendant bars women from certain positions due to a policy of gender classification that pervades personnel practices including hiring, training, transfer, and promotion, all putative class members suffer the same injury and possess the same interest. Therefore, the Court finds that whether the various personnel decisions emanated from a policy of gender classification presents a common issue of law and fact.

Due to the looming nature of the alleged policy of gender classification in its effect upon personnel decisions, at a later date the Court may in its sound discretion create subclasses to expedite trial should minor proof disparities become evident. The tentative nature of class certification remains, however, in the event that the class action evolves into disparate questions of law or fact of a magnitude such that, in the

Court's discretion, the Plaintiff can no longer maintain that she and other class members possess the same interest and suffer the same injury. Fed.R.Civ.P. 23(c)(1); *see also Falcon*, 457 U.S. at 160, 102 S.Ct. at 2372.

■ Plaintiff's claim must also be typical of a class of applicants and employees. Defendant argues that Plaintiff's disparate treatment claim is too individualized to establish the required nexus with other class members. Specifically, Defendant alleges that Plaintiff was not a suitable candidate for promotion or transfer due to poor performance and disciplinary problems, and because of this unique defense, Plaintiff's claim is atypical.

Rule 23 does not require absolute homogeneity. Rather, Plaintiff's claims must be *typical* of the claims of the class. Here, both Plaintiff and putative class members claim that Defendant practiced gender classification as proscribed under 42 U.S.C. § 2000e–2(a)(2) (1981). This case, however, does not involve a claim that Defendant's refusal to transfer or to promote Plaintiff was an isolated decision based on Plaintiff's gender. Rather, this case involves a broader claim of discrimination, namely, a policy of gender classification that similarly pervaded all decisions of hiring, training, transfer, and promotion. To the extent that both Plaintiff and putative class members seek to remedy gender classification, the Court finds that Plaintiff's claims are typical of the class claims.

Plaintiff also seeks to certify applicants and employees of all Defendant's facilities located across several states. Commonality and typicality must still guide the Court's analysis of whether the inclusion of these putative class members is proper. In *Falcon*, the Court cautioned the lower court's use of inferences in ruling on motions for class certification. *Falcon*, 457 U.S. at 157–58, 102 S.Ct. at 2370–71. An

---

who might have been prejudiced by the test clearly would satisfy the commonality and typicality requirements of Rule 23(a)." *Falcon*, at 159, n. 15, 102 S.Ct. at 2371, n. 15. Likewise,

defendant's alleged policy of sex-based classification affects women applicants in placement opportunity and women employees in transfer or promotion opportunities.

allegation of company-wide discrimination must pass muster under Rule 23.

Plaintiff was employed at a facility located in Jamestown, Kentucky. Allegations of gender classification at one facility, however, does not necessarily lead to the conclusion that this practice pervaded the entire company. Plaintiff alleges that Defendant's Vice President of Manufacturing, Brad Clark, is responsible for the management of three Kentucky facilities (Jamestown, Frankfort, and Bowling Green) and one Arkansas facility (Osceola). Plaintiff has failed to allege, however, that Mr. Clark was responsible for either a company-wide practice or a facility-to-facility practice of gender classification. This Court may not presume upon conclusory allegations that Defendant's alleged discriminatory practice extends beyond the Jamestown facility. The Court, therefore, limits putative class members to the Jamestown facility.

Because Defendant employs nearly sixteen hundred at its Jamestown facility, the Court finds that joinder of all members is impracticable. The Court further finds that Plaintiff has retained experienced, competent counsel. Finally, the Court finds that Plaintiff's prayer for permanent injunctive relief and affirmative action is appropriate with respect to the class as a whole.

As a final matter, Plaintiff may only represent those class members whose claims would not have been time-barred as of the date of Plaintiff's administrative complaint. *Domingo v. New England Fish Co.*, 727 F.2d 1429 (9th Cir.1984). 42 U.S.C. § 2000e–5(e) requires claimants to file charges with the Equal Employment Opportunity Commission within 180 days after the alleged unlawful employment practice. Gender classification is a continuing violation. *See Held v. Gulf Oil Co.* 684 F.2d 427 (6th Cir.1982). Thus, Plaintiff's action accrued on the last day of her tenure with Defendant, October 15, 1988. Women who applied for employment with Defendant more than 180 days prior to October 15, 1988 are time-barred. Likewise, women employees whose tenure expired before the 180 day limitation are time-barred.

The Court, having found compliance with Rule 23, hereby certifies the class as follows: women applicants and employees at Defendant's Jamestown facility whose application was pending or whose tenure of employment included any time after the 180 day limitation.

### ORDER

This matter is before the Court on Plaintiff's Motion for Class Certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Court has reviewed *de novo* the Magistrate's proposed Findings and Recommendations for the disposition of this motion and Defendant's exceptions thereto and rejects the Magistrate's proposal to deny certification. The Court has issued a Memorandum Opinion setting forth its conclusions, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Class Certification is GRANTED, and that Plaintiff represent in this action members of the class defined as follows: women applicants and employees at Defendant's Jamestown facility whose application was pending or whose tenure of employment included any time after the 180 day limitation.